IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HANNAH T. EGGLESTON,           )<br>         Plaintiff,           )<br>                                )<br>v.                              )<br>                                )<br>UNIVERSITY OF KANSAS            )<br>HOSPITAL AUTHORITY,             )<br>         Defendants.            )  | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW, the Plaintiff, Hannah T. Eggleston, by and through their undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for their causes of action against Defendant, University of Kansas Hospital Authority, states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Hannah T. Eggleston (hereinafter "Plaintiff") is an individual residing in Johnson County, Kansas.

2. Defendant University of Kansas Hospital Authority (hereinafter "Defendant") is and was at all relevant times a body politic and corporation created pursuant to Kansas statute and an independent instrumentality of the State of Kansas with the power to sue and be sued in its own name.

3. Defendant conducts substantial and continuous business in the State of Kansas.

4. This action arises under the Americans with Disabilities Act of 1990, Title 42, Chapter 126, Section 12101, *et. seq*., of the United States Code, as amended (hereinafter "ADA") related to various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

1

5.      This action also arises under the Kansas Act Against Discrimination, Chapter 44, Article 10, Section 1001, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KAAD"), related to various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

6.      As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7.      As to the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims enumerated herein that arise under state law are so related to claims herein that arise under federal law that they form part of the same case or controversy.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants are subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff incorporates by reference all aforementioned paragraphs 1 through 8 as if fully set forth herein.

10.     Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendants on or about November 13, 2020. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

11.     Plaintiff was issued her Notice of Right to Sue letter dated May 4, 2023, by the United States Equal Employment Opportunity Commission on or about May 8, 2023.

12.     Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

13.     Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. §1601, *et. seq.* and K.S.A. §44-2005, *et. seq.*, or any other rule, law, statute, or regulation.

14.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

15.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 14 as if fully set forth herein.

16.     Plaintiff was hired by Defendant's Plastic Surgery Department as a nurse in July 2020, a job she was always qualified, including now, to do and perform.

17.     Plaintiff suffers from clinically diagnosed Bipolar Disorder, Type I and Attention-Deficit/Hyperactivity Disorder.

18.     Plaintiff's conditions substantially limit Plaintiff's major life activities by at times interfering with Plaintiff's ability to sleep, concentrate, communicate, among others, and will continue to do so for most of her lifetime.

19.     On or about August 10, 2020, Plaintiff contacted a member of her supervisor staff to inquire as to a request for reasonable accommodation related to her conditions.

20.     Plaintiff's request for reasonable accommodation included limited and reasonable flexibility in terms of arrival and departure times due to Plaintiff's changing medications and other treatments at the time impacting Plaintiff's daily major life activities.

21.     On or about August 29, 2020, Plaintiff's request for reasonable accommodation was denied without reasoning.

22.     Plaintiff continually communicated with her supervisory staff and Defendant's Human Resources Department regarding her requests for reasonable accommodation.

23. Defendant continually denied Plaintiff's requests for reasonable accommodation and on several occasions outright ignored Plaintiff's communications regarding the same.

24. Following Plaintiff's request for reasonable accommodation, Defendant employees began to treat Plaintiff differently by spreading inappropriate rumors about her and more closely scrutinizing Plaintiff's work.

25. On September 16, 2020, Defendant contacted Plaintiff and abruptly terminated Plaintiff's employment, citing Plaintiff parking in "patient-designated parking" for the basis of her termination, despite the fact that it was common practice among Defendant employees to park in "patient-designated parking" and/or utilize hospital validation for parking.

26. A co-worker of Plaintiff's stated to Plaintiff that if Defendant were to terminate Plaintiff for parking violations, Defendant would need to "fire the entire department."

27. Following Plaintiff's termination, Plaintiff appealed her termination through Defendant's internal appeals process. Plaintiff's request for appeal was denied.

28. Defendant failed to follow Defendant's own internal progressive discipline policy in terminating Plaintiff's employment.

29. Plaintiff was discharged from her employment with Defendant in an act of discrimination, retaliation, and failure to accommodate, violating her rights under the ADA and KAAD.

30. Plaintiff's disabilities described throughout this complaint qualify as disabilities within the meaning of the ADA and KAAD.

31. Plaintiff's disabilities are of a nature of impairment making Plaintiff a qualified individual within the meaning of the ADA and KAAD.

32. Plaintiff's disabilities are recognized impairments as defined by the ADA and KAAD.

33. Plaintiff's disabilities affect more than one appropriate major life activity with impairments that substantially limit those activities as defined by the ADA and KAAD.

34. Plaintiff has a record of her disabilities as shown by her treatment and disclosures to Defendant of her disabilities, which were known to this Defendant employer.

35. At all times of Plaintiff's employment and afterwards up to and continuing through today's date and beyond, even with her disabilities, she qualified for work with Defendant and continues to do so, both with or without reasonable accommodations.

36. Despite Plaintiff's disabilities, that at all times described in this complaint, currently and into the future, Plaintiff has been and continues to be qualified physically and mentally to perform her job and/or other desired jobs performed at Defendant's place of employment.

37. That despite being a qualified individual with a disability that was and continues to be capable of doing her job and/or the job she desired, the Plaintiff was terminated by Defendant.

38. That Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation of her disabilities described throughout this complaint.

39. That Defendant is a qualified covered entity under the ADA and KAAD, as Defendant engages in commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

40. Plaintiff was discriminately terminated after making requests for reasonable accommodation and engaging in protected activity under the ADA and KAAD.

41. The accommodation requests described throughout this complaint were denied by Defendant and Defendant failed to engage in the interactive process with Plaintiff.

42. That Plaintiff complained to her supervisors and Defendant's Human Resources Department regarding the unlawful termination and failure to accommodate committed by Defendant.

43. That Defendant did not accommodate Plaintiff despite her reasonable requests for such accommodations.

44. That Defendant did nothing to prevent and/or remedy the discrimination, retaliation, and failure to accommodate committed by Defendant employees.

45. That Defendant terminated Plaintiff due to her disabilities and requests for reasonable accommodation, as opposed to allowing reasonable accommodations, engaging in the interactive process, or stopping illegal discrimination on the basis of disability.

46. That the termination described through this complaint was discriminatory and in an act of retaliation for making a request for reasonable accommodation pursuant to the ADA and KAAD, which the Defendant failed to engage in the interactive process and thereby failed to accommodate Plaintiff.

**COUNT I – DESCRIMINATION ON THE BASIS OF DISABILITY**
**(In Violation of the Americans with Disabilities Act of 1990 as Amended and the Kansas Act Against Discrimination)**

47. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 46 as if fully set forth herein.

48. Defendant discriminated against a qualified individual (Plaintiff) with disabilities because of her disabilities.

49. Defendant discriminated against Plaintiff as an individual with a disability in regard to her ultimate discharge from employment with Defendant.

50.     Defendant discriminated against Plaintiff as an individual with a disability in regard to her overall compensation from Defendant.

51.     Defendant discriminated against Plaintiff as an individual with a disability in regard to her job training, and other terms, conditions, and privileges of her employment.

52.     Plaintiff's disabilities required her, at the time of her requests, minor adjustments and changes to Plaintiff's medical treatments and medications that at times made Plaintiff drowsy, facilitating Plaintiff's request for limited, reasonable flexibility as to shift arrival and departure times.

53.     Plaintiff's disabilities did not prevent her from working the job she had been working for Defendant.

54.     Plaintiff's disability would not have prevented her from working another desirable position of employment with Defendant.

55.     Defendant was aware of the disabilities and other simple concerns related to accommodation throughout this complaint.

56.     While employed by Defendant and/or under the control of Defendant, Plaintiff was treated differently than other employees in the same and similar position.

57.     Upon Plaintiff's request for reasonable accommodations for her disabilities, Defendant employees began treating Plaintiff differently, Defendant on occasion outright ignored Plaintiff's communications, Plaintiff did not receive any form of accommodation, and was ultimately terminated by Defendant.

58.     Defendant herein had knowledge of the discrimination and retaliatory behavior toward Plaintiff, as evidenced by Plaintiff's complaints to Defendant subsequent to her termination.

59.     Defendant herein this case failed to take reasonable steps to prevent this discrimination from occurring and to protect Plaintiff from said conduct or retaliation from requesting a reasonable accommodation.

60.     Defendant failed to properly train their supervisors and/or human resources representatives concerning their duties and obligations under civil rights laws, including the ADA and KAAD.

61.     Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under the ADA and KAAD, and such a violation is sufficient to warrant an award of punitive damages.

62.     As a direct and proximate result of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

63.     Plaintiff is entitled to attorney's fees as provided in the ADA and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to discrimination due to her disabilities or perceived disabilities in violation of the Americans with Disabilities Act of 1990, as amended and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

**COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**
**(In Violation of the Americans with Disabilities Act of 1990 as Amended and the Kansas Act Against Discrimination)**

64. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 63 above as if fully set forth herein.

65. Plaintiff engaged in protected activity protected by the ADA and KAAD by requesting reasonable accommodations.

66. As a result of engaging in protected activity, Defendant subjected Plaintiff to an adverse employment action subsequent to the protected activity, including terminating Plaintiff's employment.

67. A causal – or more accurately a direct – connection exists in relation to engaging in the protected activity described throughout this complaint and the adverse action by Defendant in terminating Plaintiff's employment and failing to engage in the interactive process with Plaintiff.

68. Plaintiff complained to Defendant about her termination, asking that it be corrected, addressed, and/or reversed.

69. Defendant denied accommodation and did not take such requests for accommodation in good faith, and instead retaliated against such requests, discriminated against Plaintiff's disabilities, which is demonstrated by Defendant's refusal to adequately communicate with Plaintiff, change in behavior toward Plaintiff, and ultimate termination based upon obviously pretextual alleged reasoning.

70. Defendant terminated Plaintiff in retaliation of Plaintiff exercising her legally protected rights under the ADA and KAAD.

71. Defendant herein this case failed to take reasonable steps to facilitate the interactive process between Plaintiff and Defendant.

72. Defendant herein this case failed to take reasonable steps to protect Plaintiff from retaliation.

73. Defendant herein failed to properly train supervisors concerning their duties and obligations under civil rights laws, including the ADA and KAAD.

74. Properly trained employees and supervisors would have engaged in the interactive process with Plaintiff and/or properly elevated Plaintiff's request to facilitate the interactive process with Plaintiff.

75. Properly trained employees and supervisors would grant a reasonable request for accommodation.

76. Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under the ADA and KAAD, and such a violation is sufficient to warrant an award of punitive damages.

77. As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

78. Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in the ADA, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of her Complaint, finding that Plaintiff was terminated in retaliation for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, as amended, and the Kansas Act Against Discrimination for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

**DAMAGES**

79. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 78 above as if full set forth herein.

80. Defendant herein discriminated against Plaintiff on the basis of her disabilities with malice and reckless indifference as to the legally protected rights of the Plaintiff.

81. As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

82. Defendant has more than five hundred employees.

83. Plaintiff prays for compensatory and punitive damages in the amount of $300,000.00, as Defendants employs upwards of five hundred employees.

84. Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits, reasonable accommodations, and interest incurred.

85. Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

86. Plaintiff prays for damages in the amount of reasonable attorney's fees.

87. Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

88. Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the ADA and KAAD or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of the Americans with Disabilities

Act of 1990, as amended, and the Kansas Act Against Discrimination. Plaintiff prays for an award of compensatory and punitive damages in the amount of $300,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

                Respectfully submitted,

                      */s/Bruce Alan Brumley*
                      */s/Chloe Elizabeth Davis*
                      Bruce Alan Brumley, #16066
                      Chloe Elizabeth Davis, #28517
                      Brumley Law Office
                      2348 SW Topeka Blvd., #201
                      Topeka, KS 66611
                      P: (785) 267-3367 / F: (785) 233-3161
                      chloe@brucebrumleylaw.com
                      bruce@brucebrumleylaw.com

**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com